Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EMILIO JUAREZ CALIXTO, *individually and*
*on behalf of others similarly situated,*

*Plaintiff,*

-against-

CAFE 37 INC. (d/b/a CAFE 37),
PEDRO GOMEZ and FRANCISCO
GOMEZ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Emilio Juarez Calixto ("Plaintiff Juarez" or "Mr. Juarez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Cafe 37 Inc. ("Defendant Corporation"), Pedro Gomez and Francisco Gomez (collectively, "Defendants"), as follows:

**NATURE OF ACTION**

1.      Plaintiff Juarez is a current employee of Defendants Cafe 37 Inc. (d/b/a Cafe 37), Pedro Gomez, and Francisco Gomez.

2.      Cafe 37 is a restaurant owned by Pedro Gomez and Francisco Gomez, located at 47 West 37th Street, New York, New York 10018.

3.    Upon information and belief, Defendants Pedro Gomez and Francisco Gomez serve or served as owners, managers, principal or agents of Defendant Corporation and through this corporate entity operate the Mexican restaurant.

4.    Plaintiff Juarez is a present employee of Defendants.

5.    Plaintiff Juarez has been employed as a dishwasher, food preparer, and ostensibly as a delivery worker.

6.    However, when ostensibly working as a delivery worker, Plaintiff Juarez has been required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to washing dishes, preparing food, sweeping and mopping, cleaning the kitchen and the food bar and taking out the garbage, (hereinafter, "non-delivery, non-tip duties").

7.    At all times relevant to this Complaint, Plaintiff Juarez has worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he has worked.

8.    Rather, Defendants have failed to maintain accurate recordkeeping of his hours worked, have failed to pay Plaintiff Juarez the applicable minimum wage, and have failed to pay him appropriately for any hours he has worked over 40, either at the straight rate of pay or for any additional overtime premium.

9.    Further, Defendants have failed to pay Plaintiff Juarez the required "spread of hours" pay for any day in which he has had to work over 10 hours a day.

10.     Defendants have employed and accounted for Plaintiff Juarez as a delivery worker, but in actuality his duties have included greater or equal time spent performing the non-delivery, non-tipped functions such as those alleged above.

11.     At all times, regardless of duties, Defendants have paid Plaintiff Juarez and all other delivery workers at a rate that is lower than the required tip-credited rate.

12.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Juarez's non-tipped duties exceed 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146).

13.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Juarez's actual duties in payroll records to avoid paying Plaintiff Juarez at the minimum wage rate, and to enable them to pay Plaintiff Juarez at the lower tip-credited rate (which they still have failed to do), by designating him as a delivery worker instead of a non-tipped employee.

14.     Defendants' conduct has extended beyond Plaintiff Juarez to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Juarez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Juarez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL")

§§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Juarez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and present employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Juarez's state law claims is conferred by 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Juarez has been employed by Defendants in this district.

## PARTIES

*Plaintiff Emilio Juarez Calixto*

20.     Plaintiff Juarez ("Plaintiff Juarez" or "Mr. Juarez") is an adult individual residing in New York County, New York.

21.     Plaintiff Juarez has been employed by Defendants from approximately June 2012 until the present date.

4

22.     Plaintiff Juarez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all times relevant to this complaint, Defendants own, operate, and/or control a restaurant located at 47 West 37th Street, New York, New York 10018, under the name "Cafe 37."

24.     Upon information and belief, Cafe 37 Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 47 West 37th Street, New York, New York 10018.

25.     Defendant Pedro Gomez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Pedro Gomez is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26.     Defendant Pedro Gomez possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

27.     Defendant Pedro Gomez determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Francisco Gomez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Francisco Gomez is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

29.    Defendant Francisco Gomez possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

30.    Defendant Francisco Gomez determines the wages and compensation of the employees of Defendants, including Plaintiff Juarez, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

31.    Defendants operate a restaurant located in the midtown section of Manhattan.

32.     Individual Defendants Pedro Gomez and Francisco Gomez possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

33.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

34.    Each Defendant possesses substantial control over Plaintiff Juarez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Juarez, and all similarly situated individuals, referred to herein.

6

35.     Defendants jointly have employed Plaintiff Juarez, and all similarly situated individuals, and are Plaintiff Juarez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Juarez and/or similarly situated individuals.

37.     Upon information and belief, individual defendants Pedro Gomez  and Francisco Gomez  operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;
>
> (b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;
>
> (d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;
>
> (e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed Corporation or a closely controlled entity;
>
> (f)     intermingling assets and debts of their own with Defendant Corporation;
>
> (g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

7

(h)    other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants have been Plaintiff Juarez's employers within the meaning of the FLSA and NYLL.

39.    Defendants have had the power to hire and fire Plaintiff Juarez, controlled the terms and conditions of his employment, and have determined the rate and method of any compensation in exchange for Plaintiff Juarez's services.

40.    In each year from 2012 to the present date, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.    In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that are used in the restaurant on a daily basis, such as wines and spirits, are produced outside of the State of New York.

*Individual Plaintiff*

42.    Plaintiff Juarez is a present employee of Defendants, employed in performing the duties of dishwasher, food preparer and ostensibly as a delivery worker.

43.    Plaintiff Juarez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Emilio Juarez Calixto*

44.    Plaintiff Juarez has been employed by Defendants from approximately June 2012 until the present date.

8

45.    Defendants have employed Plaintiff Juarez as a dishwasher, food preparer and ostensibly as a delivery worker.

46.    However, when employed as a delivery worker, Plaintiff Juarez also has been required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.    Although Plaintiff Juarez ostensibly has been employed as a delivery worker, he spends over 20% of each day performing non-delivery work throughout his employment with Defendants.

48.    Plaintiff Juarez regularly has handled goods in interstate commerce, such as dishwashing liquids and cleaning supplies produced outside of the State of New York.

49.     Plaintiff Juarez's work duties have required neither discretion nor independent judgment.

50.    Throughout his employment with Defendants, Plaintiff Juarez regularly has worked in excess of 40 hours per week.

51.    From approximately June 2012 until on or about June 2013, defendants required Plaintiff Juarez to work from approximately 6:00 a.m. until on or about 6:00 p.m. three days a week and from approximately 6:00 a.m. until on or about 6:20 p.m. three days a week (typically 73 hours per week).

52.    From approximately June 2013 until the present date, Plaintiff Juarez has worked from approximately 5:30 a.m. until on or about 6:00 p.m. three days a week and from approximately 5:30 a.m. until on or about 6:20 p.m. three days a week (typically 76 hours per week).

53.    Throughout his employment with Defendants, Plaintiff Juarez has been paid his wages in cash.

54.    From approximately June 2012 until on or about June 2013, defendants paid Plaintiff Juarez a fixed salary of $350 per week.

55.    From approximately July 2013 until the present date, defendants have paid Plaintiff Juarez a fixed salary of $400 per week.

56.    Plaintiff Juarez's wages do not vary regardless of how many additional hours he works in a week.

57.    For example, Defendants have required Plaintiff Juarez to work an additional 20 minutes past his scheduled departure time three days a week, without paying him any additional compensation for the additional time they have required him to work.

58.    Defendants never have granted Plaintiff Juarez any break or meal periods of any length.

59.    Plaintiff Juarez has never been notified by Defendants that his tips are being included as an offset for wages.

60.    Defendants have not accounted for these tips in any daily, weekly or other accounting of Plaintiff Juarez's wages.

61.    Defendants never have provided Plaintiff Juarez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

62.    Throughout his employment, Plaintiff Juarez has not been required to keep track of his time, nor to his knowledge have Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflects his actual hours worked.

10

63.     Defendants never have provided Plaintiff Juarez with a written notice, in English and in Spanish (Plaintiff Juarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Juarez regarding overtime and wages under the FLSA and NYLL.

65.     Defendants have required Plaintiff Juarez to purchase "tools of the trade" with his own funds—including four shirts every six months, 2 pairs of pants and kitchen shoes.

*Defendants' General Employment Practices*

66.     Defendants regularly have required Plaintiff Juarez to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hours compensation.

67.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Juarez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

68.     At no time have Defendants inform their employees, including Plaintiff Juarez, that they have reduced their hourly wages by a tip allowance.

69.     Defendants habitually have required their employees, including Plaintiff Juarez, to work additional hours beyond their regular shifts, but have not provided them with any additional compensation.

11

70.     Defendants have required Plaintiff Juarez, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

71.     Plaintiff Juarez and all other similarly situated employees, have been employed ostensibly as tipped employees by Defendants, although their actual duties have included greater or equal time spent performing non-tipped duties.

72.     Plaintiff Juarez and all other delivery workers have not even been paid at the required lower tip-credit rate by Defendants; however, under state law Defendants are not entitled to a tip credit because Plaintiff Juarez's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

73.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Juarez and other delivery workers as tipped employees but did not even pay them at the tip-credited rate, when they should have classified them as non-tipped employees and have paid them at the minimum wage rate.

75.     Defendants' pay practices have resulted in Plaintiff Juarez not receiving payment for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum and overtime wage rate.

76.     Plaintiff Juarez has been paid his wages entirely in cash.

77.     Defendants willfully have disregarded and purposefully have evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78.     By employing these practices, Defendants have avoided paying Plaintiff Juarez the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

79.     Defendants have failed to post required wage and hour posters in the restaurant, and have not provided Plaintiff Juarez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Juarez's relative lack of sophistication in wage and hour laws.

80.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Juarez (and similarly situated individuals) worked, and to avoid paying Plaintiff Juarez properly for (1) his full hours worked; (2) for minimum wage; (3) for spread of hours pay and  (4) for overtime due.

81.     Defendants have failed to provide Plaintiff Juarez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether have paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

82.     Defendants have failed to provide Plaintiff Juarez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether have paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FLSA COLLECTIVE ACTION CLAIMS

83.     Plaintiff Juarez brings his FLSA claims for minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

84.     At all relevant times, Plaintiff Juarez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

85.    The claims of Plaintiff Juarez stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

86.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

87.    At all times relevant to this action, Defendants have been Plaintiff Juarez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Juarez (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

88.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

89.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.    Defendants have failed to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91.     Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff Juarez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

93.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants have been Plaintiff Juarez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Juarez (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for his employment.

95.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, have failed to pay Plaintiff Juarez  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour has worked in excess of forty hours in a workweek.

16

98.     Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Juarez (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

100.     Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants have been Plaintiff Juarez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiff Juarez (and the FLSA Class members), have controlled terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for employment.

102.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Juarez (and the FLSA Class members) less than the minimum wage.

103.     Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members) minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

104.     Plaintiff Juarez (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

105.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

107.    Defendants have failed to pay Plaintiff Juarez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

108.    Defendants' failure to pay Plaintiff Juarez (and the FLSA Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

109.     Plaintiff Juarez (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

110.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendants have failed to pay Plaintiff Juarez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Juarez's spread of hours exceed ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage

order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

112.    Defendants' failure to pay Plaintiff Juarez an additional hour's pay for each day Plaintiff Juarez's spread of hours exceed ten hours is willful within the meaning of New York Lab. Law § 663.

113.    Plaintiff Juarez has been damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

114.    Plaintiff Juarez repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants have failed to provide Plaintiff Juarez with a written notice, in English and in Spanish (Plaintiff Juarez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

116.    Defendants are liable to Plaintiff Juarez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

117.    Plaintiff Juarez repeats and realleges all paragraphs above as though set forth fully herein.

118.    Defendants have not provided Plaintiff Juarez with a statement of wages with each payment of wages, as required by NYLL 195(3).

119.    Defendants are liable to Plaintiff Juarez in the amount of $5,000, together with

costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

120.    Plaintiff Juarez repeats and realleges all paragraphs above as though set forth fully herein.

121.    Defendants have required Plaintiff Juarez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as shirts and kitchen shoes, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.    Plaintiff Juarez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juarez   respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Juarez and the FLSA class members;

20

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Juarez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Juarez and the FLSA class members;

(f)      Awarding Plaintiff Juarez and the FLSA class members damages for the amount of un paid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Juarez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez and the members of the FLSA Class;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Juarez  and the members of the FLSA Class;

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Juarez  and the members of the FLSA Class;

(k)      Declaring that Defendants have violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Juarez's, and the FLSA Class

members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Juarez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law are willful as to Plaintiff Juarez and the FLSA Class members;

(n)     Awarding Plaintiff Juarez  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiff Juarez  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Juarez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Juarez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Juarez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

22

(t)        All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Juarez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
        February 22, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

23

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 31, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Emilio Juarez Calixto

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:    31 de enero de 2017